15-24-00119-CV

FILED
1-29
January 27, 2025
Fifteenth Court of Appeals
Christopher A. Prine
Clerk of Court

ELIGAH DARNELL, JR          §     IN THE

                            §     FIFTEENTH COURT OF APPEALS

VS                          §

STEVEN MCCRAW, DIRECTOR,    §     ON APPEAL FROM THE 250TH
TEXAS DEPARTMENT OF PUBLIC  §     DISTRICT COURT OF TRAVIS COUNTY, TX
SAFETY                      §     TRIAL COURT CAUSE NO. D-1-GN-
                            §     -24-00386
                            §

APPELLANTS
REPLY BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

THE APPELLANT FILES HIS REPLY BRIEF TO APPELLEE'S BRIEF FILED ON DECEMBER 30, 2024.

IN SUPPORT, PROVIDES AS FOLLOWS:

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

JAN 27 2025

CHRISTOPHER A. PRINE
CLERK

# PARTIES AND COUNSEL

VISHAL V. IYER
OFFICE OF THE ATTORNEY GENERAL
LAW ENFORCEMENT DEFENSE DIV.
P.O. BOX 12548
AUSTIN, TX 78711-2548

COUNSEL FOR APPELLEE

ELIGAH DARNELL JR
MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY, TX 75886

APPELLANT

2-29

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL

TABLE OF CONTENTS

TABLE OF AUTHORITIES

STATEMENT OF THE CASE

ORAL ARGUMENT

ISSUES PRESENTED

STATEMENT OF FACTS

SUMMARY OF THE ARGUMENT

ARGUMENT

PRAYER

SERVICE

# INDEX of AUTHORITIES

## CASE LAW

City of Waco v Tex. Nat. Res. Conservation Comm'n 83 S.W.3d 169 (Tex.App.Austin)

Patterson v Planned Parenthood 971 S.W.2d 439 (Tex. 1998)

Robinson v Parker 353 S.W.3d 753 (Tex. 2011)

Perry v Del Rio 66 S.W.3d 239 (Tex. 2001)

City of El Paso v Heinrich 284 S.W.3d 366 (Tex. 2009)

In re R.J.J 959 S.W.2d 185 (Tex. 1998)

Franka v Velasquez 332 S.W.3d 367 (Tex. 2011)

Tex. DOT v Sunset Transp, Inc 357 S.W.3d 691 (Tex.App. Austin)

Leachman v Dretke 261 S.W.3d 297 (Tx. App. Ft. Worth)

McCraw v C.I 525 S.W.3d 201 (Tex.App. Beaumont)

Garrett v Dept of Public Safety No. 03-04-00661-CV (Tex.App.Austin)

Calton v Schiller 498 S.W.3d 247 (Tex.App. 2016)

Hall v McRaven 508 S.W.3d 232 (Tex. 2017)

Lutz v State 184 S.W.3d 366 (Tex.App.Austin)

Crabtree v State 389 S.W.3d 820 (Tex. Crim.App.)

Anonymous Adult 382 S.W.3d 531 (Tex.App.Austin)

## STATEMENT OF THE CASE

APPELLANT FILED HIS ORIGINAL PETITION IN THE 250TH DISTRICT COURT ON JUNE 13, 2024, (CR. AT 4-60 -PL'S PET) APPELLEE FILED MOTION TO DISMISS (CR. AT 63-134 - MOTION TO DISMISS) NOTICE OF TELEPHONIC HEARING (CR. 141-143) APPELLANT FILED MOTION FOR SUMMARY JUDGMENT (CR. AT 149-166), MOTION FOR PARTIAL SUMMARY JUDGMENT (CR. AT 167-174), FIRST SUPPLEMENTAL PETITION (CR. AT 175-176), LEAVE TO AMEND PREVIOUS FILINGS AFFIDAVIT (CR. AT 179-183), 2ND SUPPLEMENTED PREVIOUS FILINGS AFFIDAVIT (CR. AT 240-263) MOTION TO DISMISS GRANTED ON 9-30-24 (CR. AT 265-271) APPELLANTS MOTION FOR A NEW TRIAL WAS FILED ON 10-18-24 (CR. AT 272-289) APPELLANTS NOTICE OF APPEAL (CR. AT 290-294).

THE APPELLANT PRESENTS AN "ULTRA-VIRES" CLAIM BASED ON ACTIONS TAKEN WITHOUT LEGAL AUTHORITY WHICH HAS TWO FUNDAMENTAL COMPONENTS:

(1) AUTHORITY GIVING THE OFFICIAL SOME (BUT NOT ABSOLUTE) DISCRETION TO ACT (2) CONDUCT OUTSIDE OF THAT AUTHORITY.

HERE, THE APPELLANT HAS ALLEGED AND PROVEN, "MCCRAW", ACTED WITHOUT LEGAL AUTHORITY AND FAILED TO PERFORM A PURELY MINISTERIAL ACT WHICH IS NOT SHIELDED BY SOVEREIGN IMMUNITY. SEE (PL'S ORIG-PET, AT CR. 187-203) AND MOTION FOR A NEW TRIAL (CR-AT 272-289)

5-29

ORAL ARGUMENT WAIVED

# ISSUES PRESENTED

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED AS MALICIOUS OR FRIVOLOUS **WITH PREJUDICE** APPELLANTS' ULTRA VIRES CLAIM?

WHETHER THE APPELLANT ARTICULATED A VALID LEGAL CLAIM IN HIS MOTION FOR NEW TRIAL?

WHETHER THE APPELLANT PRODUCED EVIDENCE OR POINTED TO EVIDENCE IN THE RECORD THAT SUBSTANTIATED HIS LEGAL CLAIMS IN THE MOTION FOR A NEW TRIAL?

WHETHER THE APPELLANT SHOWED PREJUDICE TO HIS SUBSTANTIAL RIGHTS UNDER THE STANDARDS IN TEX. R. APP. P. 44.2 IN THE MOTION FOR A NEW TRIAL?

# STATEMENT OF FACTS

THE APPELLANT HAS A 1989 CONVICTION IN CAUSE 0364461-W, A 21.11.(a)(i) TEX. PENAL CODE OFFENSE. (CR. AT 26-27) STATE RECORDS SHOW THE APPELLANT HAS BEEN DECLARED ELIGIBLE FOR AND SUBSEQUENTLY RELEASED TO MANDATORY SUPERVISION RELEASE BASED ON THE 1989 CONVICTION IN CAUSE 0364461-W. (CR. AT 163) AND (CR. AT 232-233)

THE TERM "RELEASED" IS DEFINED AS "PLACED ON MANDATORY SUPERVISION", OR "PAROLE". ART. 62.01 TEX. CODE CRIM. PROC. SEE (CR. AT 255)

ART. 62.12. (B)(2)(b) TEX. CODE CRIM. PROC. IMPOSES A 10TH ANNIVERSARY REGISTRATION REQUIREMENT BEGINING ON THE DATE OF RELEASE TO "MANDATORY SUPERVISION" OR "PAROLE".

STATE RECORDS INDICATE APPELLANT HAS NO PRIOR CONVICTION FOR A "3G" OFFENSE. (CR. AT 33-34); THE VICTIM IN THE 1989 CONVICTION IN CAUSE 0364461-W IS APPELLANT'S NIECE (CR. AT 162); DPS RECORDS LIST APPELLANT AS A LIFETIME REGISTRANT (CR AT 41-44) AND (CR AT 29-30). DPS RECORDS INCORRECTLY LIST THE VICTIM AS A FRIEND (CR. AT 31 - DPS CR-35 FORM)

8-29

COUNTY COURT AT LAW NUMBER TEN TARRANT COUNTY, TEXAS HAS PREVIOUSLY ENTERED JUDGMENT FINDING THE 1989 CONVICTION CAUSE 0364461-W WAS NOT A VIOLENT OFFENSE FOR PURPOSES OF FORMER 46.05 TEX. PENAL CODE (NOW) 46.04 TEX. PENAL CODE, SEE (CR. AT 251-253). FORMER 46.05 TEX. PENAL CODE REQUIRED PROOF OF A PRIOR CONVICTION OF A CRIME OF VIOLENCE. THIS PRIOR FINDING AND JUDGMENT IS ENTITLED TO CONCLUSIVE EFFECT.

# SUMMARY OF THE ARGUMENT

- IT IS POSSIBLE THAT CH.14 TEX. CIV. PRAC. REM. CODE DOES NOT APPLY TO THIS APPEAL BECAUSE APPELLEE INCORRECTLY ARGUE THAT ADMINISTRATIVE EXHAUSTION OF THE TDCJ GRIEVANCE PROCEDURE WAS REQUIRED PRIOR TO THE filing THIS SUIT DESPITE LEGAL AUTHORITY HOLDING GRIEVANCE EXHAUSTION DOES NOT APPLY TO NON TDCJ-ID EMPLOYEES, SECONDLY, CH.62 TEX. CODE CRIM. PROC. MAKES NO MENTION OF A GRIEVANCE PROCEDURE PRIOR TO A CHALLENGE TO A DPS ADMINISTRATIVE DECISION OR WHETHER CH.14 TEX. CIV. PRAC. REM. CODE APPLIES.

- RESORTING TO THE EXTRA-TEXTUAL FACTORS IN 311.027 TEX. GOVT CODE TO DETERMINE HOW TO TREAT CH.62'S REFERENCE TO 21.11 (a)(1) TEX. PENAL CODE IS A MINISTERIAL ACT, REQUIRED BY STATE LAW AND TEXAS SUPREME COURT PRECEDENT. FAILURE TO DO SO SUPPORTS AN "ULTRA-VIRES" CLAIM.

- IMPOSING A LIFETIME REGISTRATION REQUIREMENT ON THE APPELLANT DESPITE NO CONVICTION DEFINED AS A VIOLENT OFFENSE UNDER TEXAS LAW UNDER THE 70TH LEGISLATURE IS AN "ULTRA VIRES" ACT WITHOUT LEGAL AUTHORITY.

10-29

# Summary of Argument - cont

- 311.027 TEX. GOVT CODE CONSTRAINS "MCCRAWS" AUTHORITY TO APPLY THE STATUTORY DEFINITION IN ART. 62.01 TEX. CODE CRIM. PROC. TO THE 1989 CONVICTION IN CAUSE 0364461-W.

- ART. 62.12 (B)(2)(b) CONSTRAINS "MCCRAWS" AUTHORITY TO APPLY ART. 62.12 (a)(1) TEX. CODE CRIM. PROC. LIFETIME REGISTRATION REQUIREMENTS TO NON-VIOLENT OFFENSES

- PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF IS AVAILABLE TO RESTRAIN "ULTRA-VIRES" CONDUCT

- THERE IS NO LEGAL AUTHORITY TO LIST THE VICTIM IN THE 1989 CONVICTION AS A "FRIEND" WHEN STATE CONVICTION RECORDS LIST THE VICTIM AS APPELLANTS' "NIECE".

# ARGUMENT

## RIPNESS

THE APPELLEE CONTEND THAT APPELLANT IS AN INMATE IN TDCJ CUSTODY WHO IS NOT CURRENTLY SUBJECT TO THE REGISTRATION REQUIREMENT. AND, WILL BE REQUIRED TO REGISTER IN THE FUTURE ONLY IF HE IS RELEASED AND REQUIRED TO REGISTER AS A CONDITION OF PAROLE, RELEASE TO MANDATORY SUPERVISION, OR COMMUNITY SUPERVISION. (APPELLEE ANS - Pg 14-15)

AS NOTED ALREADY, THE RECORD INDICATE "MCCRAW" HAS INCORRECTLY LISTED THE APPELLANT AS A LIFETIME REGISTRAINT FOR THE NONVIOLENT OFFENSE IN CAUSE 0364461-W. (CR. AT 31 - DPS CR-35 form) THE RECORD ALSO SHOW "MCCRAW" HAS INCORRECTLY LISTED THE VICTIM IN THE 1989 CONVICTION AS A "FRIEND" DESPITE STATE CONVICTION RECORDS SHOWING THE VICTIM AS APPELLANTS "NIECE". (CR. AT 31 - DPS CR-35 FORM) AND (CR. AT 162)

THE APPELLEES' RIPENESS CHALLENGE, HOWEVER, RELIES UPON A MISCHARACTER-IZATION OF THE APPELLANTS' CLAIMS. THE APPELLANT IS NOT COMPLAINING ABOUT THE OUTCOME OF PAROLE BOARD DELIBERATIONS IN CONSIDERING WHETHER TO GRANT PAROLE, THE APPELLANT IS COMPLAINING THAT DPS RECORDS ALREADY INCORRECTLY LIST LIFETIME REGISTRATION UNDER CH. 62

12-29

CODE OF CRIMINAL PROCEDURE AS A RESULT OF THE ILLEGAL ACTS, "ULTRA VIRES," OF McCRAW. SUCH ILLEGAL ACTS IMPAIRS APPELLANTS' DUE PROCESS RIGHTS.

THESE ARE PURELY LEGAL INQUIRIES THAT DO NOT REQUIRE THE DETERMINATION OF FACTUAL MATTERS THAT HAVE NOT BEEN SUFFICIENTLY DEVELOPED. SEE CITY OF WACO V TEXAS NATURAL RES. CONSERVATION Comm'N 83 S.W.3d 169, 176-77 (TEX. APP. AUSTIN 2002), (CONCLUDING THAT UDJA CLAIM THAT AGENCY ACTED BEYOND STATUTORY AUTHORITY PRESENTED PURELY LEGAL INQUIRY THAT WOULD NOT BENEFIT FROM DEVELOPMENT OF ADDITIONAL FACTS IN CONNECTION WITH PERMIT APPLICATION).

SUBJECT MATTER JURISDICTION OVER APPELLANTS' CLAIMS AND REQUESTED DECLARATORY AND INJUNCTIVE RELIEF DOES NOT REQUIRE A DETERMINATION OF FACTS IN THE CONTEXT OF A PAROLE BOARD DECISION TO RELEASE THE APPELLANT ON PAROLE.

THE APPELLANT HAS PRESENTED A RIPE, JUSTICIABLE CONTROVERSY BECAUSE THE DECISION TO IMPOSE LIFETIME REGISTRATION HAS OCCURED AND ESTABLISHED IMMINENT INJURIES ARE PRESENT. (CR. AT 41-45 -PRE-RELEASE NOTIFICATION) (CR. AT 31 - DPS CR-35 FORM)

## RIPENESS - CONT

THE APPELLANT ALLEGE AND THE RECORD SUPPORTS, THAT "McCRAWS" ILLEGAL ACT TO MISINTERPRET CH.62 C.C.P. AND IMPOSE LIFETIME REGISTRATION TO A NON-VIOLENT OFFENSE IN CAUSE 0364461-W ,(CR.AT 26-27 -JUDGMENT AND SENTENCE-0364461-W) HAS RESULTED IN IMMINENT AND IRREPARABLE INJURIES, INCLUDING, THREAT OF CRIMINAL PROSECUTION FOR ANY FAILURE TO COMPLY WITH CH.62 C.C.P. AFTER THE 10TH ANNIVERSARY OF BEING "RELEASED" TO MANDATORY SUPERVISION-PAROLE ON JULY 25,1990. (CR. AT 41-45 - PRE-RELEASE NOTIFICATION) (CR. AT 38-39 - PAROLE CERTIFICATE AND BOARD MINUTE SHEET)

THE APPELLANT HAS PRESENTED EVIDENCE OF IMMINENT HARM AND LIKELY INJURY FROM THE CHALLENGED ACTIONS, AND SEEK PROSPECTIVE INJUNCTIVE RELIEF FROM THOSE ACTIONS.

BECAUSE THE FACTS HAVE SUFFICIENTLY DEVELOPED "SO THAT AN INJURY HAS OCCURED OR IS LIKELY TO OCCUR, RATHER THAN BEING CONTINGENT OR REMOTE, APPELLANT'S ULTRA VIRES CLAIMS ARE RIPE. SEE PATTERSON V PLANNED PARENTHOOD 971 S.W.2d 439 AT 442 (TEX. 1998).

14-29

## RIPENESS - CONT

LASTLY, THE COURT SHOULD ALSO CONSIDER ROBINSON V PARKER 353 S.W.3d 753, 755 (TEX. 2011) (HOLDING "A CLAIM IS NOT REQUIRED TO BE RIPE AT THE TIME OF FILING, BUT A PLAINTIFF MUST DEMONSTRATE A REASON-ABLE LIKELIHOOD THAT THE CLAIM WILL SOON RIPEN." SEE ALSO PERRY V DEL RIO 66 S.W.3d 239, 251 (TEX. 2001) "EXPLAINING THAT CLAIM MAY RIPEN WHILE ON APPEAL".

HERE, THE RECORD INDICATE APPELLANTS' PAROLE REVIEW OCCURRED ON 10-31-2024 (CR. AT 83-84 - PAROLE REVIEW INFORMATION SHEET) NO PAROLE VOTE HAS OCCURRED AS OF TODAYS' DATE.

THE APPELLANT HAS PRESENTED AN ULTRA VIRES CLAIM THAT IS RIPE FOR REVIEW AT THIS TIME.

# ULTRA VIRES ACT

THE APPELLEE CLAIM THE APPELLANT HAS FAILED TO ALLEGE A ULTRA-VIRES ACT. (APPELLEES' ANS - PGS 16-17)

TO THE CONTRARY, AN ULTRA VIRES CLAIM REQUIRES PROOF THAT THE GOVERNMENT OFFICER ACTED WITHOUT LEGAL AUTHORITY OR FAILED TO PERFORM A PURELY MINISTERIAL ACT. SEE CITY OF EL PASO V HEINRICH 284 S.W. 3d 366 (TEX. 2009)

TO DETERMINE WHETHER THE APPELLANT HAS ASSERTED A VALID ULTRA VIRES CLAIM THAT INVOKES THE DISTRICT COURT'S SUBJECT MATTER JURISDICTION, THE COURT IS ASKED TO CONSIDER THE APPELLANTS CLAIM, I.E., ARGUMENT THAT 311.027 TEX. GOVT CODE CONSTRAINS "MCCRAWS" LEGAL AUTHORITY TO INTERPRET THE STATUTORY DEFINITION OF 21.11 (a)(i) TEX. PENAL CODE IN CH. 62. -.01 CODE CRIM. PROC., AS REFERENCING, THE 1993 AMENDED VERSION OF 21.11 (a)(i) TEX. PENAL CODE. SEE CH. 900, 73RD LEG. R.S. SEC. 4.01. ENUMERATING 21.11 (a)(i) TO ART. 42.12 SEC. 3g (a)(i) TEX. CODE CRIM. PROC,

16-29

## ULTRA VIRES - CONT

THE RECORD HERE SHOW APPELLANT HAS NO PRIOR CONVICTION LISTED AS A "3G" OFFENSE. (CR. AT 33-34 - TDCJ-INSTITUTIONAL CASE SUMMARY SHEET). MOREOVER, SUPREME COURT PRECEDENT ALSO REQUIRED "McCRAW" TO RESORT TO 311.027 TEX. GOVT CODE IN DETERMINING HOW TO TREAT CH. 62.01'S REFERENCE TO 21.11 (a)(1) TEX. PENAL CODE. SEE IN RE R.J.J. 959 S.W. 2d 185 (TEX. 1998). "WHEN ONE STATUTE REFERENCES ANOTHER STATUTE, ONE MUST LOOK TO THE REFERENCED STATUTE TO UNDERSTAND THE REFERENCING STATUTE"... "WHEN THE REFERENCED STATUTE IS AMENDED OR REVISED, THE REFERENCING STATUTE INCORPORATES THE AMENDMENTS OR REVISIONS". (CITING) 311.027 TEX. GOVT CODE.

HERE, McCRAW WAS CONSTRAINED BY 311.027 TEX. GOVT CODE from APPLYING THE AMENDED VERSION OF 21.11 (a)(1) TX. PENAL CODE TO THE 1989 CONVICTION IN CAUSE 0364461-W.

ADDITIONALLY, Art. 62.12 (B)(2)(b) C.C.P. CONSTRAINED McCRAW'S LEGAL AUTHORITY TO IMPOSE LIFETIME REGISTRATION UNDER ART. 62.12 (a) C.C.P., TO APPELLANT'S NON VIOLENT OFFENSE IN CAUSE 0364461-W.

17-29

## ULTRA VIRES - CONT

CONSIDERING THE EXTENT OF "McCRAWS" AUTHORITY UNDER CH. 62 C.C.P. AND 311.027 TEX. GOVT CODE, THE APPELLANT IS ENTITLED TO PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF TO RESTRAIN THE ILLEGAL ULTRA VIRES ACTS OF "McCRAW". HALL V MCRAVEN 508 S.W.3d 232 (TEX. 2017),

311.027 TEX. GOVT CODE GAVE McCRAW SOME (BUT NOT ABSOLUTE) DISCRETION TO ACT, HOWEVER, McCRAWS CODUCT WENT OUTSIDE HIS AUTHORITY.

HERE, McCRAWS "MINISTERIAL ACTS" WERE LIMITED BY ART. 62.12 (B)(2)(b) C.C.P. WHICH DEFINES THE DUTIES TO BE PERFORMED WITH SUCH PRECISION AND CERTAINTY AS TO LEAVE NOTHING TO THE EXERCISE OF DISCRETION OR JUDGMENT. THE SAME GOES FOR 311.027 TEX. GOVT CODE.

McCRAW HAD A NON DISCRETIONARY DUTY TO ACT, BUT ACTED WITHOUT LEGAL AUTHORITY AND FAILED TO PERFORM A PURELY MINISTERIAL ACT. THE TRIAL COURTS ORDER IS NOT SUFFICIENTLY SUPPORTED BY THE RECORD.

18-29

## WHETHER CH.14 TEX. CIV. PRAC. REM. CODE APPLIES FULLY TO THIS CASE

APPELLEE QUESTION WHETHER CH.14 TCPRC APPLIES TO THIS CASE. (APPELLEE ANS-AT8)
AT THE CLOSE OF THE TELEPHONIC HEARING ON 9-30-24, AND PRIOR TO
GRANTING APPELLEES' MOTION TO DISMISS, THE TRIAL COURT JUDGE STATED
"THIS IS NOT THE PROPER PROCEDURE".

SHOULD THIS COURT FIND THAT CH.14 TEX. CIV. PRAC. REM. CODE DOES NOT APPLY
TO THIS CASE, THE APPELLANT SHOULD BE ALLOWED TO RE-FILE HIS CLAIMS
UNDER TEX. CIV. PRAC. REM. CODE §101.106 (f). SEE FRANKA V VELASQUEZ 332 S.W.3d
367 (TEX. 2011) "RECOGNIZING ULTRA VIRES EXCEPTION TO DISMISSAL". (CITING)
CITY OF EL PASO V HEINRICH 284 S.W.3d 366 (TEX. 2009) TEX. DOT V SUNSET
TRANSP, INC 357 S.W.3d 691 (TEX. APP. AUSTIN)

DISMISSAL WITHOUT PREJUDICE WOULD BE APPROPRIATE FOR PROCEDURAL DEFECTS.

## INDEPENDANT ARGUMENTS

THE APPELLEE CLAIMS THE APPELLANT HAS FAILED TO SHOW THAT EACH INDEPENDANT ARGUMENT ALLEGED IN THE CH.14 MOTION TO DISMISS IS INSUFFICIENT TO SUPPORT THE ORDER. (APPELLEE'S ANS - PG 11-12)

TO THE CONTRARY, 1) TDCJ ADMINISTRATIVE EXHAUSTION OF THE GRIEVANCE PROCESS IS NOT REQUIRED BECAUSE SUCH A RE- QUIREMENT DOES NOT APPLY TO AN INMATES' CLAIM AGAINST A NON TDCJ EMPLOYEE. SEE LEACHMAN V DRETKE 261 S.W. 3d 297 (TEX. APP. FT. WORTH 2008). "MCCRAW" IS NOT A TDCJ EMPLOYEE. THERE IS NO BASIS FOR DISMISSAL WITH PREJUDICE AS FRIVOLOUS OR MALICIOUS.

2) THE APPELLEE CITE GARRETT V DEP'T OF PUB. SAFETY NO. 03-04-00661-CV (TEX. APP. AUSTIN 2007). (APPELLEE ANS PG 14) THE DEFENDANT IN GARRETT SOUGHT TO CONTROL STATE ACTION WITHOUT PLEADING A WAIVER OF SOVEREIGN IMMUNITY. IN CONTRAST, THE APPELLANT HAS ALLEGED "MCCRAW" BREACHED MINISTERIAL DUTIES AND ACTED WITHOUT LEGAL AUTHORITY, ULTRA VIRES. APPELLANT HAS SOUGHT DECLARATORY AND INJUN- CTIVE RELIEF TO DECLARE RIGHTS AND RESTRAIN ILLEGAL ACTS ULTRA VIRES. MCCRAW V C.I. 525 S.W.3d 701 (TEX. APP. BEAUMONT 2017)

# Independent Argument-cont

3) Appellee incorrectly argue the appellant is seeking declaratory or injunctive relief as a post conviction remedy (Appellee Ans pg 13) Calton v Schiller 498 S.W.3d 247 (Tex. App. 2016) has been cited to support Appellee's argument.

The Appellants' claim is distinguishable because a claim seeking prospective relief against illegal acts, ultra vires, and, breached ministerial duties, is different from "Calton's" claim seeking an injunction that would allow a court to direct his trial judge to grant an out of time appeal of his criminal conviction.

4) Appellee incorrectly argue the appellant is required to raise his claims in the original criminal court proceedings. (Appellee's Ans pg 14)

The appellant is not required to present claims regarding DPS Director's breach of ministerial duties and illegal acts ultra vires in a criminal proceeding. Such claims a civil in nature and must be raised in civil courts. Tex. Civ. Prac. Rem. Code 37.001. See Hall v McRaven 508 S.W.3d 232 (Tex. 2017)

## INDEPENDENT ARGUMENT-cont

5) APPELLEE CITE LUTZ V STATE 184 S.W.3d 366, 369 (TEX.APP.AUSTIN) CLAIMING THAT APPELLANT MAKES REFERENCE TO PREDECESSORS FOR RELIEF. (APPELLEE'S ANS pg 14)

THE APPELLANT REFERENCE AMENDED PENAL PROVISIONS IN CH.900 73RD LEG R.S. SEC. 4.01 IN SUPPORT OF THE ARGUMENT THAT McCRAW BREACHED "MINISTERIAL DUTIES" CONSTRAINED BY 311.027 TEX.GOVT CODE AND ACTED WITHOUT LEGAL AUTHORITY "ULTRA VIRES", MISINTERPRETING CH.62 C.C.P.

AMENDED PENAL PROVISIONS ARE NOT THE SAME AS PREDECESSORS, OR REPEALED PENAL PROVISIONS.

## AUTHORITIES CITED

APPELLEE ARGUE THAT AUTHORITIES CITED BY THE APPELLANT DOES NOT SUPPORT HIS ARGUMENTS. (APPELLEE ANS-PG 9-10)

THE DECISION IN <u>ANONYMOUS ADULT</u> 382 S.W.3d 531 (TEX.APP.AUSTIN) APPLIES WITH EQUAL FORCE TO TEXAS OFFENSES. THERE IS NO EXPRESS LANGUAGE IN CH.62 C.C.P. OR "ANONYMOUS ADULT", LIMITING THE SUBSTANTIAL SIMILARITY TEST TO OUT OF STATE CONVICTIONS.

THE DECISION IN <u>CRABTREE V STATE</u> 389 S.W.3d 820 (TEX.CRIM.APP.) HELD, "ESTABLISHING THAT A DEFENDANT HAD A REPORTABLE CONVICTION OR ADJUDICATION UNDER THE DEFINITIONS IN CH.62, CODE CRIM.PROC. IS A CONDITION PRECEDENT TO PROVING HE HAD A DUTY TO REGISTER AND FAILED TO COMPLY WITH THAT BURDEN." A DPS FINDING IS AN ESSENTIAL ELEMENT OF THE OFFENSE OF FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS.

THE AUTHORITIES CITED BY APPELLANT SUPPORT HIS ARGUMENTS.

23-29

# TEX. PENAL CODE 46.05

UNDER FORMER TEXAS PENAL CODE 46.05 "UNLAWFUL POSS OF FIREARM BY A FELON:" "A PERSON WHO HAS BEEN CONVICTED OF A FELONY INVOLVING AN ACT OF VIOLENCE OR THREATENED VIOLENCE TO A PERSON OR PROPERTY COMMITS AN OFFENSE IF HE POSSESSES A FIREARM AWAY FROM THE PREMISES WHERE HE LIVES, (b) AN OFFENSE UNDER THIS SECTION IS A FELONY OF THE THIRD DEGREE. (AMENDED IN S.B. 1067, 73RD LEG. 1993) NOW 46.04 TEX. PENAL CODE.

46.05 TEX. PENAL CODE WAS INVOKED AGAINST THE APPELLANT PREVIOUSLY IN COUNTY CRIMINAL COURT NUMBER TEN TARRANT COUNTY, TEXAS IN CAUSE 0454488. (CR. 251-253). THE INDICTMENT HAS AN ENHANCEMENT ALLEGATION LISTING THE 1989 CONVICTION CAUSE 0364461-W FOR THE PURPOSE OF 46.05 TEX. PENAL CODE, (CR. AT 251) THE STATE ANNOUNCED NOT READY ON 11-15-91 TO MAKE ATTEMPTS TO PROVE A PRIOR VIOLENT FELONY AS REQUIRED UNDER 46.05 TEX. PENAL CODE (CR. AT 252 - CRIM DOCKET) ON 11-22-91, THE COURT OVERRULED THE STATE ON THE ISSUE OF WHETHER THE 1989 CONVICTION CAUSE 0364461-W WAS CLASSIFIED A VIOLENT OFFENSE UNDER TEXAS LAW AND CONVICTED APPELLANT

OF THE MISDEMEANOR OFFENSE "UNLAWFULLY CARRYING A WEAPON TEX, PENAL CODE 46.02 200 DAYS TIME SERVED. (CR, AT 253- -JUDGMENT). THIS VALID AND FINAL JUDGMENT IS ENTITLED TO CONCLUSIVE EFFECT. FURTHER SUPPORT THAT "MCCRAW" HAS BREACHED "MINISTERIAL DUTIES" CONSTRAINED IN 311.027 TEX GOV'T CODE MISINTERPRETING ART. 62.12(a) LIFETIME REGISTRATION REQUIREMENT AS APPLYING TO THE NON VIOLENT OFFENSE IN CAUSE 0364461-W. (CR, AT 41-45 - PRE RELEASE NOTIFICATION)

MOTION FOR NEW TRIAL: THE MOTION ARTICULATES A VALID LEGAL CLAIM SHOWING "McCRAW" BREACHED MINISTERIAL DUTIES AND ACTED WITHOUT LEGAL AUTHORITY, ULTRA VIRES, IN MISINTERPRETING CH.62. C.C.P. AND EXCEEDED STATUTORY LIMITATIONS AND CONSTRAINTS PLACED ON HIS DISCRETION IN 311.027 TEX. GOVT CODE AND ART. 62.12 (B)(2)(b) TEX. CODE CRIM. PROC. IN RE R.J.J. 959 S.W. 2d 184 (TEX. 1998) (CR. AT 274-275)

ALTHOUGH THE MOTION WAS OVERRULED BY OPERATION OF LAW AND NO ABUSE OF DISCRETION CAN BE INFERRED UNDER THE CIRCUMSTANCES, A MODIFICATION OF THE TRIAL COURT JUDGMENT TO REFLECT DISMISSAL WITHOUT ANY PREJUDICE TO RE-FILING UNDER TEX. CIV. PRAC. REM. CODE § 101.106 (f), OR, ABATE THE APPEAL TO HOLD A HEARING TO DETERMINE THE PROPER PROCEDURE AND WHETHER ANY OTHER ENTITLEMENT TO RELIEF IS SHOWN.

## Previous Filings Affidavit

As noted, there is no support for appellee's argument that appellant has filed the same claims in previous suits so as to warrant dismissal under Ch.14.003 Tex. Civ. Prac. Rem. Code.

Appellee has not pointed to any prior suit where an "ultra vires" claim against the DPS Director or anyone else can be shown. (CR. at 240-264 - Previous Filings Affidavit)

## PRAYER

REVERSE THE TRIAL COURT JUDGMENT OF DISMISSAL AS FRIVOLOUS OR MALICIOUS, WITH PREJUDICE, ORDER FURTHER PROCEEDINGS, OR, MODIFY JUDGMENT TO DISMISSAL WITHOUT PREJUDICE TO RE-FILING, OR, GRANT ANY RELIEF APPELLANT HAS SHOWN HIMSELF ENTITLED TO ON ANY CLAIMS PRESENTED, OR, AS LAW AND INTEREST OF JUSTICE WOULD REQUIRE.

ON THIS _13TH_ DAY
OF _JANUARY_ 2025

_____
APPELLANT

28-29

## SERVICE

A TRUE AND CORRECT COPY OF APPELLANT'S REPLY BRIEF HAS BEEN PLACED IN THE U.S. MAIL ADDRESSED TO:

        OFFICE OF THE ATTORNEY GENERAL

        ATTN: VISHAL V. IYER

          LAW ENFORCEMENT DEFENSE DIV.

           P.O. BOX 12548

           AUSTIN, TEXAS 78711-2548

ON THIS ___13TH___ DAY OF

___JANUARY___ 2025

_____
APPELLANT

29-29

ELIGAH DARNELL JR #66 40
2664 FM 2054
TENNESSEE COLONY, TEXAS 75886

FiFteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

JAN 2 7 2025

CHRISTOPHER A. PRINE
CLERK

# LEGAL

PRIVILEGED OFFENDER MAIL
NOT FOR INSPECTION
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

JAN 1 5 2025